[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14591
Non-Argument Calendar

_____

D. C. Docket No. 07-20349-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE ANTHONY SHAW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 30, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Wayne Anthony Shaw appeals his 46-month sentence, imposed after he pled

guilty to one count of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). After review, we affirm Shaw's sentence.

## I. BACKGROUND

In 1990, Shaw, a Jamaican national, was convicted in Maryland of possession with intent to distribute cocaine and sentenced to five years' imprisonment. After serving his prison sentence, Shaw was deported in 1994. In 2007, after receiving a call from a confidential source, a U.S. Immigration and Customs Enforcement agent arrested Shaw in Florida. Shaw pled guilty to illegal reentry.

Shaw's Presentence Investigation Report (PSI) recommended a total offense level of 21. The PSI indicated that Shaw had a 1984 conviction for making a false statement in an application for a passport and the 1990 cocaine conviction, and assigned a criminal history category of III. The PSI calculated an advisory guidelines range of 46 to 57 months' imprisonment. Shaw did not object to the PSI's factual allegations or guidelines calculations.

At the sentencing hearing, Shaw argued for a sentence below or at the low end of the advisory guidelines range. In mitigation, Shaw explained that his motive for reentering the United States in 2001 was to arrange for the care of his

six children living in the United States after their mother was deported to Jamaica. Shaw stated that he returned to Jamaica in 2003, but again reentered the United States in 2006 after he became concerned about his children's welfare.

The district court asked Shaw why he did not bring his six children to live with him or their mother in Jamaica. Shaw indicated that these children were born in the United States and had always lived here, and that Shaw felt that their chances of receiving good education and health care were better in the United States. Shaw argued that his criminal history was not extensive and occurred when he was young, and that he suffered from high blood pressure and had not received adequate treatment while incarcerated. The government argued for a sentence at the low end of the guidelines range.

The district court adopted the PSI. After indicating that it had considered all the arguments of the parties, the advisory guidelines range in the PSI and the statutory factors, the district court imposed a 46-month sentence, at the low end of the advisory guidelines range.

## II. DISCUSSION

On appeal, Shaw argues that his 46-month sentence is substantively unreasonable.[1] Shaw contends that the district court gave undue weight to his

---

[1]Shaw does not argue that the district court's sentence was procedurally unreasonable or that the district court miscalculated the advisory guidelines range.

illegal reentry and prior criminal history to the exclusion of the mitigating factors raised during sentencing.

We review the substantive reasonableness of a defendant's sentence for abuse of discretion. See Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597 (2007); United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). In arriving at a reasonable sentence, the district court must correctly calculate the advisory guidelines range and consider that advisory guidelines range and the factors in 18 U.S.C. § 3553(a).[2] See Pugh, 515 F.3d at 1189-90; United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Our review for substantive reasonableness is also guided by the § 3553(a) factors, taking into account the totality of the circumstances. Pugh, 515 F.3d at 1191. The party challenging the sentence bears the burden to show on appeal that the sentence is unreasonable. Id. at 1189.

Here, we cannot say the district court's 46-month sentence, at the low end of the guidelines range, is unreasonable. The district court listened to the parties' arguments as to the appropriate sentence and stated that it had considered those

---

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the advisory guidelines range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

arguments, the advisory guidelines range and the § 3553(a) factors. Nor do we find any support for Shaw's claim that the district court disregarded mitigating factors. The district court heard and acknowledged Shaw's mitigation arguments regarding his family circumstances, his reasons for reentering the United States, and his poor health.

Shaw has failed to carry his burden to show that the district court abused its discretion in imposing a 46-month sentence.

**AFFIRMED.**